IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. PARKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE COMPENSATION INSURANCE FUND,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C -11-04005 EDL<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

By court order filed on August 15, 2011, this case was set for an initial Case Management Conference on November 29, 2011 at 10:00 a.m., with a Case Management Conference statement due on November 22, 2011.  Plaintiff, who is representing herself, filed letters on August 30, 2011 and October 17, 2011 informing the Court that she was resolving this matter with Defendant and would dismiss her case when the agreement was finalized.  Notably, Plaintiff did not ask for a continuance of the Case Management Conference in either of her letters.  The Court called Plaintiff when her Case Management Conference statement was not timely filed, and Plaintiff filed a Case Management Conference statement on November 23, 2011.  Plaintiff filed a request to continue the Case Management Conference on November 28, 2011, the afternoon before the scheduled Case Management Conference, even though the Local Rules require that any request to continue a scheduled hearing be filed no later than fourteen days before the hearing.  See Civil L.R. 6-1(b).  On November 29, 2011, the Court denied Plaintiff's request to continue.  Plaintiff did not appear on November 29, 2011 for the Case Management Conference.

On November 29, 2011, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The Court set a hearing on the Order to Show Cause for December 20, 2011 at 9:30 a.m.  On December

8, 2011, Plaintiff filed a Response to the Order to Show Cause stating that she responded promptly when she became aware that a Case Management Conference statement was required and when she discovered that she needed to seek a continuance.  See Docket No. 11.  She also stated that her employer has required her to attend a training class during the week of December 19, 2011, so she is not available to attend the hearing on the Order to Show Cause.  Id.  Plaintiff's Response concludes that: "I will have to withdraw to allow the case to be dismissed without prejudice."  Id.  Because this matter is appropriate for decision without oral argument, the Court vacated the December 20, 2011 hearing.

Plaintiff's response to the Order to Show Cause does not adequately address why this case should not be dismissed for failure to prosecute.  There has been no showing that Plaintiff has served Defendant with the summons and complaint in this case in accordance with 120-day deadline set out in Federal Rule of Civil Procedure 4.  The time to serve Defendant in accordance with Rule 4 has expired.  When the time to serve has expired, the Court must dismiss the case without prejudice or may order that service be completed within a specific time.  See Fed. R. Civ. P. 4(m).  Plaintiff has provided no reason for the Court to extend the time to serve.  There is no indication that Plaintiff has been unable to serve Defendant or that she is unaware of how to do so.  It appears that Plaintiff may not have served Defendant based on settlement negotiations, which does not justify the failure to serve within the statutory time period.  For all of these reasons, this case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: December 20, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2